UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

              Plaintiff,

    v.                                      **ATTORNEY'S AFFIRMATION**

**SHAQUILLE BRELAND,**                      **18-CR-9 (FJS)**

              Defendant.

STEPHEN LANCE CIMINO, an attorney admitted to practice law in the Courts of the State of New York and the United States District Court for the Northern District of New York, affirms under the penalty of perjury pursuant to 28 USC §1746, the following statements:

1. That he is an attorney duly admitted to practice law in the Courts of the State of New York and the United States District Court for the Northern District of New York, and was appointed by this Court to represent Defendant Shaquille Breland in connection with the Government's allegations that the Defendant conspired to (1) attempt to kill a person with the intent to retaliate against a person for providing to a law enforcement officer information relating to the commission of a federal offense, in violation of 18 U.S.C. §1513 (a)(1)(B), and (2) threaten to cause bodily harm and damage the tangible property of a person with the intent to retaliate against a person for information relating to the commission of a federal offense given by a person to a law enforcement officer in violation of 18 U.S.C. §1513(b)(2).

2. That the Defendant Shaquille Breland is also charged in a Third Count pursuant

to 18 U.S.C. §924(c)(1)(A), in that during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is Conspiracy to Retaliate, in violation of 18 U.S.C. §1513(f), he knowingly used and carried a firearm, in violation of 18 U.S.C. §924 ( c ) 1)(A) (iii).

3. This affirmation is made in Reply to the Response of the United States to the Defendant's Omnibus Motions.

**The Defendant is not entitled to a Bill of Particulars.**

4. That what has not been provided is information as to when and under what circumstances the conspiracy was formed, and under what circumstances the Defendant joined the conspiracy. The discovery provided by the Government does not provide this information.

**The Defendant's Motion for Discovery and Inspection Should be Denied.**

5. The Government asserts that it has fully and completely complied with Rule 16, *Brady*, Fed R. Evid. 404(b), and expert disclosure. The purpose of the request was to insure that, in fact, the Government has so complied. Your deponent is not in control of the possession and distribution of the requested material, or to know that the Government has not complied with its obligations. Your deponent can only request what he deems required, and the Government responds regarding its compliance.

**The Defendant is not entitled to disclosure of Informants.**

**The Defendant is not entitled to Early Disclosure of *Jencks* and *Giglio* Material**

6. In so far as the Government asserts that a witness list and *Jencks* Act disclosures,

along with *Giglio* material, and compliance with its obligations under *Brady* will satisfy its obligation, then the need for early disclosure is essential for adequate preparation for trial. Your deponent is a sole practitioner. This case involves allegations of attempted murder, retaliation against a witness, and possession and discharge of a firearm to further a crime of violence. The trial is scheduled to begin on December 3, 2018. The fact that there are baseless allegations of retaliation by the Defendant, who is detained pending trial, is no basis to deny your deponent the time necessary to prepare for trial, once the *Jencks* Act disclosures, along with *Giglio* material, and compliance with its obligations under *Brady* are provided by the Government. The Defendant is detained pending trial, 3 hours away by car, one way. Effective representation and due process of law, mandates that your deponent have the adequate time necessary to prepare for trial. Deponent requests that all such material be provided two (2) weeks before the start of the trial on December 3, 2018, on November 19, 2018. Your deponent has no objection to a protective order. That in addition, your deponent will have to prepare extensive pre- trial submissions and motions *in limine,* during this time period before trial. That your deponent requested that he be provided un-redacted reports and documents in his Omnibus Motions. The Government did not respond to this request, nor have they provided un-redacted reports. The Defense requests all reports and documents to be provided to be un-redacted.

**Defendant's Request for Additional Peremptory Challenges Should Be Denied**

7. It is a matter of discretion for the District Court to determine whether additional peremptory challenges are warranted under the circumstances. Based upon the serious

allegations in the Indictment, and the need for a fair trial and effective representation, it is requested that additional challenges be granted. Also, your deponent will not have the ability to ask questions of the prospective jurors and assess the qualifications to serve based upon their interaction with counsel, which further impairs the selection process.

**There is no need for an Audibility Hearing**

8. At the time that the Government prepares its exhibits for trial, it is assumed that it will prepare recording exhibits that will be played to the jury, provided a proper foundation has been made. Your deponent has the right to receive a copy of all such recordings that will be played to the jury to determine their audibility, prior to trial. Audibility can not be determined until the Government decides what recordings will be used, and provided. Accordingly, this is not an 'untethered" request.

**Defendant's Motion to Suppress Should be Denied**

9. It is for this Court to review the warrant application and the search warrant that was issued to search the Defendant's residence, and the property their seized, to determine the sufficiency of the information provided to the Magistrate, and the propriety of the issuance of the search warrant. Your deponent has no information that the executing officers acted in "bad faith".

**Superseding Indictment**

Your deponent is in receipt of a Superseding Indictment. The Indictment alleges crimes and incidents that occurred as alleged in the first Indictment. No new crimes have been alleged, nor have any additional crimes been alleged on the alleged date, nor are there

any allegations in the Indictment that materially change what was alleged in the original Indictment. Accordingly, the trial will proceed on December 3, 2018.

Dated: October 22, 2018

                                              STEPHEN LANCE CIMINO
                                              Attorney for Defendant
                                              Bar Roll No. 301060